RICHARD HEALY *vs.* THOMAS TRANT.
SAME *vs.* SAME.

The illegal use of premises by an undertenant for the sale of intoxicating liquors, or keeping a house of ill fame, does not, under the *St.* of 1855, *c.* 405, § 3, avoid the original lease, but only the underlease.

THE *first* of these actions was of contract upon the covenant of quiet enjoyment in a lease; and the *second,* a writ of review of an action brought upon the Rev. Sts. *c.* 104, in the justices' court of the city of Boston.

At the trial in the superior court of Suffolk at May term 1858, these facts appeared: Healy had a written lease of the premises from one Garrett for five years from the 1st of April 1854, in which the lessee covenanted not to assign the lease or lease the premises or any part thereof. In September 1857 Garrett conveyed the premises, subject to this lease, to Trant. On the 11th of October Healy paid Trant the rent for the last quarter of 1857. About the 1st of October, Healy leased the premises to one Dowdieau, who underlet to one Eckles, and the latter kept a bar and sold intoxicating liquors without license, and also kept a house of ill fame. In the latter part of October 1857, Trant entered and took possession of the premises. Healy subsequently regained possession, and on the 4th of November 1857 Trant commenced the action upon the Rev. Sts. *c.* 104, now sought to be reviewed, and obtained judgment and was put in possession on the 20th of November, and has had possession since. There was some evidence tending to show that Healy had knowledge of the unlawful use to which the premises were put by the undertenant; but there was no evidence of any notice given by Trant to him of the unlawful use of the premises or of any request to him to stop such use.

Healy requested the court to rule that "where, under *St.* 1855, *c.* 405, § 3, the charge is, not that the person holding the lease has set up a nuisance, but that an undertenant has done so, though the lease of that undertenant may be thereby avoided,

yet the lease of the original tenant is not avoided, unless it be shown that such nuisance was established and existed through his agency, either by direct participation in the establishment, or by allowing its continuance after notice and knowledge."

But *Morton*, J. declined so to rule; and instructed the jury that if Healy by himself or through his undertenants used the premises or any part of them as a house of ill fame, or for the illegal sale of intoxicating liquors, the lease was thereby avoided; and if the defendant, immediately after, or while such nuisance continued, entered upon the premises for the purpose of avoiding the lease, he was justified in so doing, and might maintain the action on the Rev. Sts. *c.* 104, and Healy could not recover 'n the other action. The jury returned verdicts for Trant, and Healy alleged exceptions.

*G. W. Searle*, for Healy.

*M. Dyer, Jr.*, for Trant.

BIGELOW, J.   The ruling of the court was founded on a misconstruction of *St.* 1855, *c.* 405, § 3.   The object of that provision was to avoid the title of the tenant or occupant, in the actual possession of premises, who should by himself or his servants use them for the unlawful purposes named in the first section of that statute, and to revest the estate in the person under whom he occupied.   Such is the clear import of the language of the statute.   It is the illegal use as by " a tenant or occupant" which is " to annul or make void the lease or other title under which said occupant holds."   But it was not intended to vacate the title of the owner or lessor by reason of the acts of a lessee or subtenant.   The construction for which the defendant contends would operate very harshly on innocent parties.   The effect of it would be to destroy the title of a lessor, however valuable the term, by the acts of his sublessee or undertenant, of which his lessor or landlord had no notice or knowledge, and over which for the time he had no control.   The " owner" in whom the estate is to revest under this section, in case the premises are used for unlawful purposes, does not mean the person in whom the fee of the estate is vested, but the owner of the " lawful title" under which the tenant or occupant enjoys

the estate. In the present case therefore the title of the plaintiff as lessee of a term of five years was not forfeited by the use of the premises by an undertenant for the purposes prohibited by the statute, but only the estate of such undertenant. The lease of the plaintiff was still in force as against the owner of the fee.                                          *Exceptions sustained.*